IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CR-00202-RJC-SCR

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MALCOLM BYNUM (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on Amendment 821 to the United States Sentencing Guidelines relating to status points. (Doc. No. 78).

Part A of the Amendment is retroactive and amended USSG §4A1.1 to limit the impact of status points on criminal history category. USSG §1B1.10(d), comment. (n.7). Here, the Court determined the defendant had twelve criminal history points, two of which were status points. (Doc. No. 53: Presentence Report (PSR) ¶¶ 87, 88). The Amendment, which calls for the removal of one status point, does not lower his applicable guideline range because he remains in Criminal History Category V with eleven points. (Doc. No. 80: Supplemental PSR at 2). The defendant argues that the Court erred in calculating his criminal history points at the original sentencing and that his Criminal History Category should be IV. (Doc. No. 79: Addendum at 1-2). In this proceeding, the Court is limited to consideration of the range as revised by the Amendment and must "leave all other guideline application decisions unaffected." <u>Dillon v. United States</u>, 560 U.S. 817, 831 (2010)

(quoting USSG §1B1.10(b)(1)). Accordingly, he is not eligible for relief. USSG §1B1.10(a)(2)(B).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

Signed: February 28, 2024

Robert J. Conrad, Jr.
United States District Judge